# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD DERRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-795-STE |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Based on the Court's review of the record and the issues presented, the court **REVERSES** the Commissioner's decision and **REMANDS** the case for further proceedings consistent with this Memorandum Opinion.

### I.    Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following an administrative hearing, an Administrative Law Judge (ALJ) issued the unfavorable decision now under review. (TR. 15-20). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R §§ 404.1520; 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity after January 2, 2012, his alleged date of disability. (TR. 17). At step two, the ALJ found Plaintiff to have the following severe impairments: essential hypertension and gout. (TR. 17).

At step three, the ALJ determined neither of Plaintiff's impairments meets or medically equals the severity of one of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 17-18).

At the first phase of step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can frequently reach, handle and finger with his right upper extremity, but can occasionally reach overhead with his right upper extremity.

(TR. 18). Without detailing the exertional or nonexertional requirements of Plaintiff's past relevant work at the second phase of step four, the ALJ determined Plaintiff could, nonetheless, perform the duties associated with his past relevant work:

> The claimant is capable of performing past relevant work as a cook and a production worker. This work does not require the performance of work-related activities precluded by the

claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

(TR. 19).

Accordingly, at step four of the sequential evaluation, the ALJ found Plaintiff was not disabled from the alleged date of disability through the date of the ALJ's decision.

### III. Standard of Review

This court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### IV. Issues Presented

Plaintiff contends the ALJ erred in failing "to properly analyze the record for obesity"; failing to discuss the "weight to all the physicians;" failing to include all of Plaintiff's impairments in the RFC, failing to do the required analysis at phase two of step four of the sequential evaluation; failing to account for Plaintiff's pain in the RFC; and failing to properly analyze Plaintiff's credibility.

### V. Analysis

#### A. Obesity

Plaintiff contends the ALJ erred in failing to consider the effect of Plaintiff's alleged obesity in combination with the pain resulting from gout. But Plaintiff's

3

calculated body mass does not meet the definition of "obese" in the social security regulations:

> The National Institutes of Health (NIH) established medical criteria for the diagnosis of obesity in its Clinical Guidelines on the Identification, Evaluation, and Treatment of Overweight and Obesity in Adults (NIH Publication No. 98-4083, September 1998). These guidelines classify overweight and obesity in adults according to Body Mass Index (BMI). BMI is the ratio of an individual's weight in kilograms to the square of his or her height in meters (kg/m2). For adults, both men and women, the Clinical Guidelines describe a BMI of 25-29.9 as "overweight" and a BMI of 30.0 or above as "obesity."

Titles II & XVIi: Evaluation of Obesity, SSR 02-1P (S.S.A. Sept. 12, 2002). As Defendant notes, Plaintiff testified that he was 5' 11" tall and weighed 186 pounds, which he described as his "normal weight." (TR. 26). According to the BMI calculator provided by the National Heart, Lung and Blood Institute, a person of Plaintiff's height and weight has a body mass of 25.9.[1] Under the regulations, Plaintiff is in the lower end of the "overweight" category and does not, therefore, meet the definition of "obese." The ALJ had no duty to evaluate the effect of Plaintiff's weight in determining Plaintiff's RFC because Plaintiff's, weight, by his own testimony, does not fall within the range used to define "obesity."

### B.     Analysis of Opinion Evidence

The ALJ gave no weight to the State agency's finding that Plaintiff has no severe physical impairments. (TR. 18). Plaintiff contends, however, that the ALJ erred in failing "to describe the weight given to the treating physician's [sic] or their opinions." (ECF

---

[1] *See* http://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm (last visited August 4, 2015).

No. 14:4-5). In support of this contention, Plaintiff refers the court to the medical records generally without specifying any particular medical opinion regarding work-related limitations attributed to diagnosed impairments. Rather, the medical records simply record diagnoses and treatment for medical conditions. In fact, the record is devoid of any opinion by any treating physician regarding Plaintiff's functional impairments—the only type of opinions relevant to the determination of an RFC. *See*, e.g., *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (assessing treating source medical opinion concerning nature and severity of impairment that rendered claimant "unable to work an eight-hour day doing anything, sitting or standing" (internal quotation marks omitted)); *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (assessing treating source's opinion regarding exertional restrictions); 20 C.F.R. §§ 404.1527(a)(2) and 416.927 (providing that physician's medical opinion may include opinion on what claimant can still do despite impairments and physical or mental restrictions). In this case, there was nothing for the ALJ to weigh, and Plaintiff's assignment of error is fallacious.

### C. The ALJ's RFC Determination

Plaintiff contends the ALJ erred in failing to consider how the pain from gout would affect Plaintiff's ability to do the standing and walking required of jobs classified as requiring medium exertion. He also faults the ALJ for failing to explicitly include a recitation of the requirements of Plaintiff's past relevant work at phase two of step four. (ECF No. 14:6-9).

The Commissioner contends Plaintiff's argument regarding the deficits in the ALJ's analysis at phase two of the fourth step of the sequential evaluation is not properly developed and should not be considered by this court. (ECF No. 15:13-14). This court disagrees. The deficiency is glaringly obvious. Moreover, the ALJ's defective step-four analysis is a legal error and requires reversal and remand.

> "Step four of the sequential analysis ... is comprised of three phases." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), ... and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work.... In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.... *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). At each of these phases, the ALJ must make specific findings. *See Henrie*, 13 F.3d at 361.

*Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For the ALJ's conclusion at step four to be valid, the ALJ was required to have made "specific findings" of fact regarding each of the three phases. *See* SSR 82–62, 1982 WL 31386, at *4; *Sissom v. Colvin*, 512 F. App'x 762, 769 (10th Cir. 2013); SSR 82–62, 1982 WL 31386, at *4. "Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review." *Winfrey*, 92 F.3d at 1025. Here, the ALJ failed to "conduct an appropriate analysis at phase two and, therefore, his findings at phase three of the analysis were naturally compromised." *See Sissom*, 512 F. App'x at 769; *accord Winfrey*, 92 F.3d at 1026. In fact, the ALJ made *no* findings at the second phase of step four, leaving the court with nothing to review. Because the

ALJ did not make alternative findings at step five, the court cannot conclude that this failure was harmless. *Cf. Best–Willie v. Colvin*, 514 F. App'x 728, 738 (10th Cir. 2013) (holding that step-four legal error was harmless because ALJ also found at step five that the claimant could perform other jobs that existed in significant numbers in the national economy); 20 C.F.R. §§ 404.1520(g), 416.920(g). Accordingly, remand is required for further findings and analysis. *See Sissom*, 512 F. App'x at 769.

On remand, the ALJ will necessarily be required to evaluate Plaintiff's credibility. Therefore, the court need not address the credibility issue at this point in the proceedings.

The final decision of the Commissioner is, therefore, **REVERSED AND REMANDED** for further proceedings consistent with this Memorandum Opinion.

**ENTERED** on August 11, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE